*In re* TROWBRIDGE

Docket No. 90250. Submitted August 11, 1986, at Lansing. Decided
    November 3, 1986.

The Department of Social Services filed a petition in Wexford
    Probate Court seeking an order terminating the parental rights
    of Connie and Bruce Trowbridge in two of their minor children,
    Carrie and Timothy Trowbridge. At the hearing on the petition,
    the attorney for Connie Trowbridge did not object to the
    admission into evidence of the reports of two psychological
    examinations of respondent Connie Trowbridge or of the psy-
    chological evaluations of the children. The probate court, Wal-
    ter F. Ransom, J., relied heavily upon the reports of respondent
    mother's psychological examinations in the decision to termi-
    nate the respondents' parental rights. Respondent Connie
    Trowbridge appealed.

The Court of Appeals *held:*

The lack of an objection to admission of the reports of the
    psychological evaluation of respondent mother was clearly a
    matter of trial strategy on the part of counsel and cannot be
    said to constitute ineffective assistance of counsel. Further,
    since the Department of Social Services had the authority to
    undertake the psychological evaluation of the children while
    they were under the temporary supervision of the department
    as wards of the court, reports of the results of those evaluations
    were admissible into evidence. Thus, the failure to object to the
    admission into evidence of those evaluations cannot constitute
    ineffective assistance of counsel.

Affirmed.

PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — ASSIS-
    TANCE OF COUNSEL.

Indigent parents are entitled to appointed counsel at hearings to
    terminate parental rights; such persons, like indigent criminal
    defendants, are entitled to effective assistance of counsel (US
    Const, Am XIV; Const 1963, art 1, § 17; MRC 5.906[C][2][b]).

REFERENCES

Am Jur 2d, Constitutional Law § 842.

Accused's right to counsel under the Federal Constitution. 2 L Ed
    2d 1644.

*Herrinton, Herrinton & Tacoma, P.C.* (by *Kenneth L. Tacoma*), for Carrie and Timothy Trowbridge.

*David J. Clark,* for Connie Trowbridge.

Before: DANHOF, C.J., and SHEPHERD and D. L. HOBSON,* JJ.

PER CURIAM. On December 16, 1985, the Wexford Probate Court entered an order terminating the parental rights of Connie and Bruce Trowbridge in two of their minor children. Only the mother (hereinafter respondent) appeals.

On appeal, respondent argues that she was denied effective assistance of counsel because her attorney failed to object to the admission of certain psychological examinations.

MCR 5.906(C)(2)(b) provides that counsel must be appointed to represent indigent parents at hearings to terminate parental rights. The right to appointed counsel at such proceedings is also a fundamental constitutional right guaranteed by the equal protection clauses of the United States and Michigan Constitutions.[1] *Reist v Bay Circuit Judge,* 396 Mich 326; 241 NW2d 55 (1976). It is axiomatic that the right to counsel includes the right to competent counsel. We apply by analogy the principles of ineffective assistance of counsel as they have developed in the context of criminal law.

At trial, the reports of two psychological examinations of respondent were introduced without objection by respondent's counsel. The probate court relied heavily upon these reports in arriving

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

[1] US Const, Am XIV; Const 1963, art 1, § 17.

at the decision to terminate respondent's parental rights. Respondent now contends her trial counsel seriously erred by failing to object to the introduction of these reports on the grounds of privilege. We do not reach the issue of whether or not these reports were shielded by respondent's claim of privilege. Instead, we conclude that their admission was a matter of trial strategy.

It was defendant's attorney who subpoenaed and called JoAnn Eastway, the author of one of the reports. It appears that, through her testimony, respondent's attorney intended to show that respondent possessed the ability to learn adequate parenting skills. In closing argument, respondent's trial counsel relied upon both reports and pointed out that both experts recommended that respondent be given time to complete psychotherapy and to prove her ability to be a successful parent. Accordingly, respondent's attorney argued that such time had not been afforded. This Court will not substitute its judgment for that of a respondent's counsel in matters of trial strategy. See *People v Carr,* 141 Mich App 442, 452; 367 NW2d 407 (1985).

Respondent also argues that her attorney seriously erred by failing to object to the admission of psychological evaluations of the two children on the grounds that the Department of Social Services arranged for the examinations without court authorization. At the time that the examinations were performed, the children were under the supervision of the DSS as temporary wards of the court. The DSS had authority "to secure routine, non-surgical, medical care and emergency medical or surgical treatment for the children." Given the fact that the children were emotionally disturbed at the time of their placement with the DSS, we decline to find that the DSS was unreasonable in

seeking immediate psychological evaluation. Such evaluation fell within the DSS's authority to provide routine medical care. In so holding, we do not reach the issue whether lack of such authority would have required the exclusion of the reports.

Affirmed.