*In re* ROGERS

Docket No. 94589. Submitted March 5, 1987, at Lansing. Decided June 1, 1987.

The Lenawee County Department of Social Services filed a petition in Lenawee Probate Court seeking to terminate the parental rights of Sheila Currier in her daughter, Christina Diane Rogers. Following a two-day hearing, the probate court, Robert J. Baker, J., terminated respondent's parental rights. Respondent appealed, claiming that she was denied effective assistance of counsel.

The Court of Appeals *held:*

1. The right of an indigent parent to appointed counsel at a hearing to terminate parental rights creates in such person the right to effective assistance of counsel.

2. Effective assistance of counsel requires that the lawyer perform at least as well as a lawyer of ordinary skill and training and that the lawyer must conscientiously protect the client's interests, undeflected by conflicting considerations.

3. The record fails to support the allegations that trial counsel did not adequately plan a trial strategy.

4. The waiver of the opening statement was a matter of trial strategy. The Court of Appeals will not substitute its judgment on matters of trial strategy where, as here, there were good reasons for the strategy adopted.

5. Since the reports containing communications between respondent and psychologists and social workers who were called as witnesses were statutorily not subject to any privilege, counsel's failure to object to the introduction of those reports on the basis that they contained privileged communications does not constitute ineffective assistance of counsel.

6. The record does not support the claims that trial counsel failed to effectively question witnesses or that counsel failed to make an effective closing argument.

Affirmed.

REFERENCES

Am Jur 2d, Constitutional Law § 842.

Am Jur 2d, Trial § 202.

Right of indigent parent to appointed counsel in proceeding for involuntary termination of parental rights. 80 ALR3d 1141.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — ASSISTANCE OF COUNSEL.

   Indigent parents are entitled to appointed counsel at hearings to terminate parental rights; such persons, like indigent criminal defendants, are entitled to effective assistance of counsel (US Const, Am XIV; Const 1963, art 1, § 17; MCR 5.906[C][2][b]).

2. TRIAL — OPENING STATEMENTS — TRIAL STRATEGY.

   An opening statement may be waived with consent of the court and opposing counsel; the waiving of an opening statement is a matter of trial strategy.

*Laidlaw & Laidlaw* (by *Priscilla R. Laidlaw*), for petitioner.

*Newlin & Gross* (by *Charles H. Gross*), for respondent.

Before: HOOD, P.J., and D. E. HOLBROOK, JR., and M. STEMPIEN,* JJ.

PER CURIAM. Respondent appeals the termination of her parental rights to her daughter, Christina Diane Rogers, alleging she was denied the effective assistance of counsel at the termination hearing. We affirm.

Christina was born on December 6, 1977. From April 4, 1978, to July 5, 1984, fourteen referrals were made regarding Christina to Children's Protective Services. These referrals consisted of allegations of physical abuses, of inappropriate dress and cleanliness, and of inappropriate behavior at school. Christina was made a temporary ward of the court on August 14, 1984. On January 27, 1986, the Lenawee Department of Social Services petitioned for termination of respondent's parental rights under MCL 712A.19a(e) and (f); MSA 27.3178(598.19a)(e) and (f). After a two-day hear-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing, the probate court terminated respondent's parental rights pursuant to those subsections.

MCR 5.906(C)(2)(b), formerly JCR 1969, 6.3(a)(2)(a) provides that counsel must be appointed to represent indigent parents at hearings to terminate parental rights. It is axiomatic that the right to counsel includes the right to competent counsel. *In re Trowbridge,* 155 Mich App 785, 786; 401 NW2d 65 (1986). In analyzing claims of ineffective assistance of counsel in termination hearings, this Court must apply by analogy the test for claims of ineffective assistance of counsel in the criminal setting. *Trowbridge, supra,* pp 786-787.

In Michigan, the merit of claims of ineffective assistance of counsel in criminal cases is determined by applying a bifurcated test. The first branch of the inquiry focuses on the Sixth Amendment right to counsel, for which the Michigan Supreme Court has endorsed the standard established in *Beasley v United States,* 491 F2d 687 (CA 6, 1974). To satisfy this prong, a lawyer must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect the client's interests, undeflected by conflicting considerations. Aside from reviewing the overall performance of counsel, an appellate court will also examine particular mistakes of counsel to safeguard defendant's right to a fair trial. But this Court should not grant a new trial unless it finds that, but for the mistake, defendant would have had a reasonably likely chance for acquittal. *People v Garcia,* 398 Mich 250, 264-266; 247 NW2d 547 (1976), reh den 399 Mich 1041 (1977); *People v Coyle,* 104 Mich App 636, 639; 305 NW2d 275 (1981), lv den 415 Mich 851 (1982).

Respondent's first allegation of ineffective assistance of counsel in the instant case is that counsel

failed to plan a trial strategy which would attempt to meet the burden of going forward with evidence that respondent was capable of properly caring for Christina and protecting her from harm or that respondent would be able to reestablish a proper home for Christina in the following twelve months. Specifically, respondent alleges that counsel should have demonstrated that the two younger children who remained in the home were being raised in a responsible and caring manner and that an older son, Gerald, who abused Christina was no longer in the home. The transcript reveals that, when counsel cross-examined respondent, he questioned her regarding steps she had taken to improve her parenting skills and about resulting changes in her parenting techniques. Counsel questioned respondent regarding her treatment of her two younger children and the lack of complaints about her treatment of those children. Counsel had respondent describe how limited time and strained conditions during her visitation with Christina had affected respondent's chance to demonstrate her improved parenting ability. Counsel called and questioned four witnesses who testified regarding respondent's parenting ability and her relationship with her two boys. We feel that counsel's conduct at trial addressed proofs on the issues central to termination of parental rights under the statute at issue.

Respondent next claims that her counsel erred in failing to make an opening statement. MCR 2.507(A), formerly GCR 1963, 507.1, provides that opening statements must be made, but may be waived with the consent of the court and opposing counsel. In the instant case, both counsel waived making an opening statement, and the waivers were sufficiently consented to by opposing counsel. This Court is reluctant to substitute its judgment

for that of trial counsel in matters of trial strategy. *People v Cicotte*, 133 Mich App 630, 636; 349 NW2d 167 (1984). The decision by counsel for respondent to forego an opening statement was a matter of trial strategy. The case for termination was strong, and counsel for respondent had very little evidence to negate the allegations in the termination petition. Counsel could have believed that disclosing the weakness of the defense early in the trial would have been detrimental to respondent's interests.

Respondent next claims that her counsel erred in not objecting to the introduction of alleged privileged communications between respondent and the psychologists and social workers who testified as expert witnesses. Respondent claims that the testimony of Dr. Bettie Arthur, John Bennett, Jr., Dr. Gretchen Warwick, Judith Andrews, and Dr. Patricia Mulldary was extremely damaging, and that all of respondent's communications with these individuals were privileged under MCL 330.1750; MSA 14.800(750). Initially, we note that these experts revealed very little of communications made to them by respondent. Their testimony consisted mainly of their evaluations and observations of Christina, her family, and respondent. In addition, an objection on the basis of privilege would not likely have been sustained. The Child Protection Act, MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.*, provides for abrogation of the privilege in connection with mental health professionals. Section 11 of the act, MCL 722.631; MSA 25.248(11), provides:

> Any legally recognized privileged communication except that between attorney and client is abrogated and shall neither constitute grounds for excusing a report otherwise required to be made

nor for excluding evidence in a civil child protective proceeding resulting from a report made pursuant to this act.

The instant case is a child protective proceeding resulting from the Department of Social Services' investigation of a report of suspected child abuse. Hence, this case is a proceeding under the Child Protection Act resulting from a report under MCL 722.621 *et seq.*; MSA 25.248(1) *et seq.* See also *In re Tedder*, 150 Mich App 688, 702; 389 NW2d 149 (1986). Thus, we feel that counsel's failure to object to the experts' testimony is not indicative of ineffective assistance of counsel.

Respondent next claims that her counsel was not effective in questioning respondent, respondent's husband, and the four friends and relatives who testified for respondent. However, the questioning of witnesses is a matter of trial strategy and is not a basis for a claim of ineffective assistance of counsel. *People v Robideau*, 94 Mich App 663, 669; 289 NW2d 846 (1980), aff'd 419 Mich 458 (1984). We also feel that counsel's failure to object to the introduction of photographs of Christina's black eye and bloody nose upon redirect examination of respondent does not indicate ineffective assistance of counsel.

Finally, respondent claims that counsel did not make an effective closing argument because counsel did not stress that respondent was able to reestablish a proper home for Christina within the next twelve months. We feel that counsel's closing argument was a matter of trial strategy and thus is not a basis for a claim of ineffective assistance of counsel. Further, we feel counsel stressed appropriate points in his closing argument. Counsel stressed the fact that respondent did not have an adequate opportunity to show that she could rees-

tablish a proper home for Christina within the next twelve months because respondent was able to visit Christina only one hour per week for the two years that Christina was in foster care. Counsel also emphasized the fact that the older son who had created some of the problems was now out of the house. Undoubtedly, counsel felt these were the strong points of respondent's case and, therefore, were the best points to bring out during his closing argument.

In sum, we find that counsel performed at the severance hearing at least as well as a lawyer with ordinary training and skill and that he conscientiously protected his client's interests undeflected by conflicting considerations. In addition, we feel counsel did not make a mistake which would have changed the outcome of the termination hearing. The case for petitioner was strong, and counsel for respondent showed preparation and awareness of the significant factors in presenting respondent's case.

Affirmed.