HALLER v HALLER

Docket No. 96353. Submitted April 21, 1987, at Lansing. Decided
April 19, 1988.

Plaintiff, Tammy S. Haller, and defendant, Craig L. Haller, were
divorced by order of the Bay Circuit Court, John C. Leaming,
J., and custody of the parties' minor child was awarded to
defendant. Plaintiff appealed, raising issues as to whether she
was entitled to and received effective assistance of counsel and
as to the trial court's determination that a custodial environ-
ment had not been established with plaintiff.

The Court of Appeals *held:*

1. There is no due process right to counsel in a divorce action
and therefore no constitutional right to effective assistance of
counsel.

2. The trial court's finding that no custodial environment had
been established with plaintiff is not against the great weight
of the evidence and is therefore affirmed.

Affirmed.

1. DIVORCE — RIGHT TO COUNSEL.

There is no due process right to appointed counsel in a divorce
action and therefore no constitutional right to the effective
assistance of counsel.

2. APPEAL — PARENT AND CHILD — CHILD CUSTODY.

The Court of Appeals must affirm a child custody order absent a
palpable abuse of discretion, clear legal error on a major issue,
or findings of fact made against the great weight of the evi-
dence (MCL 722.28; MSA 25.312[8]).

*Gorte & Aleck* (by *Ghazey H. Aleck, II*), for
plaintiff.

*Patterson, Gruber & Kennedy* (by *Brian M. Ken-
nedy*), for defendant.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 340, 963 *et seq.*
See the annotations in the Index to Annotations under Divorce and
Separation.

Before: R. M. MAHER, P.J., and DOCTOROFF and
H. T. CONLIN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a
judgment of divorce entered by the trial court
following a custody proceeding. MCL 722.21 *et
seq.;* MSA 25.312(1) *et seq.* Custody of the parties'
twenty-two-month-old son, Anthony, was awarded
to defendant. We affirm.

The first issue raised by plaintiff is whether she
was entitled to and received effective assistance of
counsel. Plaintiff argues that due process requires
effective counsel in a divorce action where custody
of a minor child is in dispute. Plaintiff relies on
*Artibee v Cheboygan Circuit Judge,* 397 Mich 54;
243 NW2d 248 (1976), which established an indi-
gent defendant's due process right to appointed
counsel in a paternity proceeding under Const
1963, art 1, § 17. We hold that plaintiff had no due
process right to counsel, and, therefore, no consti-
tutional right to effective counsel in her divorce
action.

It is axiomatic that the right to effective assis-
tance of counsel is derived from a right to counsel.
*In re Rogers,* 160 Mich App 500; 409 NW2d 486
(1987). Michigan recognizes a right to counsel in
termination of parental rights actions, MCR
5.906(C)(2)(b), as well as in paternity proceedings.
*Artibee, supra,* p 56.

In *Artibee,* our Supreme Court stated: "An anal-
ysis of what process is due in a particular proceed-
ing must begin with an examination of the nature
of the proceeding and the interests which may be
affected by it." *Id.,* pp 56-57. The *Artibee* Court
focused on the following factors: (1) paternity ac-
tions are "quasi-criminal," generally prosecuted by
public officials at public expense, (2) a defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

faces significant penalties, including a substantial financial commitment as well as possible imprisonment, and (3) a paternity proceeding is sufficiently complex so as to require counsel to insure a fair trial.

Applying this analysis to the instant case, we find no due process right to counsel.

First, and foremost, a custody proceeding is a civil action initiated by and on behalf of the litigants. MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.* In contrast to *Artibee,* where the resources of the state were arrayed against the defendant, the state is not a party in a custody proceeding. The interest of the state, exercised through its judiciary, is to advance and protect the best interests of the child. MCL 722.27(1)(a); MSA 25.312(7)(1)(a).

Second, while we recognize that a parent's interest in the care and custody of a minor child is an important interest that warrants due process protection, *In re Dittrick Infant,* 80 Mich App 219; 263 NW2d 37 (1977), a custody decree does not constitute a complete termination of the parental bond. Full parental rights are retained including reasonable visitation. MCL 722.27(1)(b); MSA 25.312(7)(1)(b). In addition, the element of finality of obligation discussed in *Artibee* is not present in a custody proceeding. A custody decree is subject to modification for proper cause shown or because of a change in circumstances, in the best interest of the child. MCL 722.27(1)(c); MSA 25.312(7)(1)(c). A decree is only effective until the minor attains the age of majority. MCL 722.27(1)(a); MSA 25.312(7)(1)(a).

Third, although we find the proceedings sufficiently complex to require counsel, this factor alone is insufficient to give rise to a due process right to appointed counsel.

We therefore conclude that the due process fac-

tors considered in *Artibee,* as applied to the instant case, do not weigh in favor of a constitutional right to counsel. Since no such constitutional right is implicated, it follows that plaintiff was not entitled to effective assistance of counsel. We note that plaintiff is free to seek new counsel and move for modification of the custody decree.

The second issue raised by plaintiff concerns the trial court's determination that a custodial environment had not been established with plaintiff. Plaintiff argues that the finding was against the great weight of the evidence. We disagree.

The Child Custody Act, MCL 722.27(1)(c); MSA 25.312(7)(1)(c), provides in part:

> The custodial environment of a child is established if over an appreciable time the child naturally looks to the custodian in that environment for guidance, discipline, the necessities of life, and parental comfort. The age of the child, the physical environment, and the inclination of the custodian and the child as to permanency of the relationship shall also be considered.

The act requires this Court to affirm a child custody order absent a palpable abuse of discretion, clear legal error on a major issue, or findings of fact made against the great weight of the evidence. MCL 722.28; MSA 25.312(8). Review, however, is de novo. *Hall v Hall,* 156 Mich App 286; 401 NW2d 353 (1986).

In the present case, the trial judge carefully reviewed the troubled history of custody and determined that the plaintiff had not established a custodial environment for the child. The factors cited by the judge included plaintiff's temporary custody of the child, the child's age, the care provided by the mother and the father, the home situation of both parties, the relationship between

each parent and the child and the plaintiff's repeated violation of the court's visitation orders in an attempt to establish a custodial environment. These extensive findings clearly support the trial court's determination that a custodial environment had not been established. Plaintiff's manipulation of the situation was a factor in the trial court's determination. However, it was not the only factor considered nor was it an abuse of discretion to include it when reaching a decision.

We conclude that the trial court's findings of fact were not against the great weight of the evidence. Thus, the determination that no custodial environment had been established is affirmed.

Affirmed.