*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH BERNARD JONES,

      Plaintiff-Appellee,

v

TUNISHA CHIVONNE FOLEY,

      Defendant-Appellant.

UNPUBLISHED
September 24, 2020

No. 350610
Macomb Circuit Court
Family Division
LC No. 2007-005007-DP

Before: RIORDAN, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order modifying custody and parenting time. We affirm.

## I. BACKGROUND

The parties have a minor child (ABF), who was twelve-years-old at the time of the proceedings. Defendant had primary physical custody of ABF until she was involved in an accident while she was intoxicated. ABF was in the car at the time of the accident. After the accident, a blood sample was taken from defendant, which indicated her blood alcohol level was .144. Plaintiff filed an emergency motion for physical custody of ABF, which the trial court granted.

Defendant filed a motion seeking primary physical custody and the trial court ordered that the parties would have week on/week off custody until a friend of the court investigation was completed. The friend of the court recommended that plaintiff be awarded physical custody. Defendant filed objections to this recommendation. Following an evidentiary hearing, the trial court awarded the parties joint legal custody and awarded plaintiff sole physical custody. Defendant now appeals.

## II. BEST INTEREST DETERMINATION

-1-

Defendant first raises the unpreserved argument that the trial court erred when it determined that she had a substance abuse disorder in the absence of expert testimony or an admissible psychological evaluation. We disagree.

We must affirm all custody orders unless the trial court's findings of fact were against the great weight of the evidence, the court committed a palpable abuse of discretion, or the court made a clear legal error on a major issue. MCL 722.28; *Berger v Berger*, 277 Mich App 700, 705; 747 NW2d 336 (2008).

Defendant relies on *Pennington v Pennington*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 348090), to argue that "[a] trial court cannot make determinations regarding a party's mental health – including substance dependency or addiction – absent medical evidence." In *Pennington*, we concluded that the trial court erred in determining that a change of circumstances or proper cause was established by a preponderance of the evidence when the trial court relied on the testimony of the opposing party and a CPS worker in order to conclude that the plaintiff was mentally unstable. *Pennington*, ___ Mich App at ___; slip op at 6. The trial court in *Pennington* determined that the defendant had established a change of circumstances because the plaintiff suffered from "some mental health issues that was [sic] subjecting the child to unnecessary, unpleasant evaluations" and was sometimes "acting in an irrational manner, which had an effect on the child," which created "a concern that the child was being traumatized overall by the mother's actions." *Id*. On appeal, we determined that the trial court's findings lacked support, and noted that "a review of the record indicates that [the] plaintiff, rightly or wrongly, suspected abuse of the child and took the child to her pediatrician, which set in motion the process involving CPS and law enforcement," but "[n]o medical evidence of [the] plaintiff's mental health was presented; the trial court heard only the opinion testimony of the CPS investigator that [the] plaintiff's level of concern was irrational." *Id*.

In the present case, the record establishes that defendant has a history of alcohol abuse. In November 2017, defendant's intoxication while driving led to an accident with ABF in the vehicle. Despite defendant high blood alcohol level of .144, she claimed that she did not feel intoxicated. Plaintiff testified that defendant had attempted to drive drunk with ABF in the vehicle on other occasions. On one such occasion plaintiff's friend, witnessed defendant attempt to pick up ABF from plaintiff's house while defendant was intoxicated. A psychological evaluation diagnosed defendant with alcohol abuse.[1] Plaintiff testified that once, defendant called him and seemed intoxicated because of her slowed and slurred speech.

Although there was no medical evidence submitted to the trial court regarding defendant's alleged substance abuse, there was sufficient evidence to support the trial court's conclusion that defendant had a substance abuse issue. In *Pennington*, the only evidence of the plaintiff's alleged mental health problems was the testimony of the CPS worker that the "plaintiff's level of concern was irrational." *Id*. Here, the trial court's determination that defendant had a substance abuse issue was supported by evidence concerning the accident, and various witness testimony of

---

[1] This evidence was introduced via a transcript from the juvenile court brought by CPS for the court to exercise jurisdiction over ABF. In the transcript, the prosecutor noted concern over a psychological evaluation diagnosing defendant with alcohol abuse.

defendant's intoxication. Thus, here, the trial court's conclusion that defendant had a substance abuse issue was not against the great weight of the evidence.

Defendant next argues that the trial court erred when it failed to consider circumstances that occurred between the time plaintiff filed his motion to change custody and the evidentiary hearing. We disagree.

The trial court explained:

That was kind of an interesting comment because looking at the present and the reason that we're in court here at this point is the drunk driving accident of late 2017, the 29 absences and 16 tardies in half of the school year that [ABF] was with [defendant], the phone recordings of her lambasting and screaming at [plaintiff] which he testifies is typical of the way she communicates with him when she's mad, the [CPS] case and the Juvenile Court orders removing [ABF] from [defendant], and the current Friend of the Court recommendation in favor of changing custody to father. That's the present.

Additionally, the court heard defendant and her mother testify regarding defendant's progress since the accident and the ways in which she had addressed the drunk driving incident. The court, however, chose not to place great weight on their testimony because it did not find their testimony credible. Furthermore, the court also found that plaintiff's testimony about the September 27, 2018 telephone call was credible. Plaintiff alleged that defendant was drunk during that call. We must defer to the court's finding regarding witness credibility. *Demski v Petlick*, 309 Mich App 404, 445; 873 NW2d 596 (2015).

Defendant further contends that the court refused to consider exhibits she presented that allegedly concerned the time period after the accident. Generally, when an evidentiary issue is preserved, a trial court's decision whether to admit evidence is reviewed for an abuse of discretion, but preliminary legal determinations of admissibility are reviewed de novo. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 710; 922 NW2d 662 (2018). An abuse of discretion generally occurs only when the trial court's decision is outside the range of reasonable and principled outcomes, but a court also necessarily abuses its discretion by admitting evidence that is inadmissible as a matter of law. *Id*. However, "it is well settled that in order to preserve the issue of the admissibility of evidence for appeal, the proponent of evidence excluded by the trial court must make an offer of proof." *Detroit v Detroit Plaza Ltd Partnership*, 273 Mich App 260, 291; 730 NW2d 523 (2006).

Defendant did not make an offer of proof regarding any of the exhibits she sought to admit at the evidentiary hearing and leaves us to guess at the meaning of the exhibits' contents based on the titles assigned to them in the trial court. Defendant's failure to make an offer of proof regarding each of her exhibits thereby forecloses review of their admissibility and substantive value. Therefore, we find no error in the trial court's findings in this case.

## III. DUE PROCESS

Defendant argues that the trial court violated her right to due process when it denied her motion for a continuance in the evidentiary hearing. We disagree.

Whether a party has been afforded due process is a question of law which we review de novo. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "Withdrawal of counsel does not give a litigant an absolute right to a continuance; the decision to grant a continuance rests in the sound discretion of the trial court." *Bye v Ferguson*, 138 Mich App 196, 207; 360 NW2d 175 (1984). A party does not have a due process right to counsel in a custody proceeding. *Haller v Haller*, 168 Mich App 198, 199; 423 NW2d 617 (1988).

Defendant argues that she was denied due process when the trial court refused to grant her a continuance at a hearing because her counsel had withdrawn. Defendant's counsel filed a motion to withdraw on 17 days before the deadline to file exhibits. Defendant's original counsel did file an exhibit list, but the court rejected it as inadmissible. Additionally, at the hearing, the court gave defendant three additional days to provide opposing counsel with the exhibits that defendant wished to introduce at the evidentiary hearing. Defendant failed to do so. The court gave defendant an opportunity to object to plaintiff's proposed exhibits, even though the deadline for doing so had passed. Thus, defendant was not deprived of due process by the trial court's refusal to grant a continuance.

Defendant also argues that the court erred in ruling that the majority of her proposed exhibits were inadmissible on hearsay grounds. Defendant asserts that the exhibits all fell within hearsay exceptions and, thus, should have been admissible. Defendant did not raise hearsay exceptions in the trial court, and cannot now do so for the first time on appeal. *Bonkowski v Allstate Ins Co*, 281 Mich App 154, 170; 761 NW2d 784 (2008) (we need not address issues first raised on appeal). Additionally, without any offer of proof for the exhibits it is impossible to ascertain whether the exhibits do or do not fall within a hearsay exception. The only information regarding the exhibits that was presented at the evidentiary hearing were brief descriptors such as "9/6/18 letter from Little Arrow Christian Child Care" and "Text messages dated 1/10/17." Thus, we cannot conclude that defendant's due process rights were violated by the exclusion of this evidence.

Defendant further argues that the court erred when it prevented defendant from calling as a witness ABF's godmother because she was not specifically named on the witness list. A trial court's decision regarding whether to admit evidence is reviewed for an abuse of discretion. *Nahshal*, 324 Mich App at 710. The trial court did not make a decision outside the range of reasonable and principled outcomes when it ruled that only witnesses who were specifically named on a witness list could testify at the evidentiary hearing. *Id.* Therefore, defendant has failed to establish that the trial court violated her right to due process.

## IV. CONCLUSION

Defendant has not demonstrated that she is entitled to relief. Accordingly, we affirm the trial court's order regarding custody and parenting time.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle