*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER JENDRUSIK,

        Plaintiff-Appellant,

UNPUBLISHED
October 20, 2022

v

ADAM MARINE,

        Defendant-Appellee.

No. 359502
Wayne Circuit Court
Juvenile Division
LC No. 2018-001559-NA

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the November 17, 2021 custody order which granted defendant sole legal and physical custody of the parties' child, AM. We affirm, but remand for the ministerial task of correcting the case number on the November 17, 2021 custody order.

## I. BACKGROUND

This custody case began after Child Protective Services (CPS) was contacted because of reports plaintiff was neglecting her youngest daughter, EJ, who required hospitalization after she was born. It was discovered plaintiff had untreated mental health issues and was self-medicating with substances. Plaintiff had sole legal custody of AM, and shared joint physical custody of AM with defendant under an order entered by a judge in Livingston County. Defendant had not been actively involved in four-year-old AM's life for at least one year, and evidence supported AM was being cared for by family friends. AM and EJ were placed in the care of their maternal grandparents as part of a safety plan.

In September 2018, a petition was filed by the Department of Health and Human Services (DHHS), which requested in relevant part that the trial court authorize the petition, place AM and

-1-

EJ in care, and exercise jurisdiction over AM and EJ.[1]  After a preliminary hearing, the petition was authorized, and AM was placed in defendant's care.  EJ remained in the care of her maternal grandparents.  EJ was later placed with her legal father, who obtained sole legal and physical custody of EJ.  Plaintiff was granted supervised visitation.

In October and November 2018, plaintiff and defendant pleaded to allegations in the petition, and the trial court exercised jurisdiction.  Plaintiff and defendant were ordered to comply with, and benefit from, services.  Plaintiff was ordered to (1) obtain and maintain stable housing and legal income, (2) maintain regular contact with the caseworkers, (3) attend parenting time visits and parenting classes, (4) participate in individual therapy, and (5) submit to substance screenings.  Defendant completed his treatment plan, which required him to complete parenting classes and maintain stable housing and employment, and AM remained in his care.  Meanwhile, plaintiff continued to struggle with substance abuse and mental health issues, demonstrated a lack of compliance with the caseworkers, and lacked stable housing.  Plaintiff's visitations with AM were inconsistent, and AM struggled as a result.

In March 2019, the caseworker recommended defendant obtain a custody order so that the trial court could terminate jurisdiction with respect to AM.  The trial court encouraged defendant to seek a change of custody.  Defendant ultimately filed a motion in Livingston County and later moved to transfer the custody matter to Wayne County.  At an October 2019 hearing in the child protective proceedings, plaintiff moved the trial court to terminate jurisdiction, arguing "the intent of the whole planet" appeared to be that AM remain with defendant.  The trial court denied the motion given the pending custody motion.  The custody matter was ultimately transferred from the domestic division to the juvenile division for the trial court to resolve.  The trial court warned plaintiff, who had appointed counsel in the child-protective proceeding, that she had to obtain her own counsel in the custody proceedings.

On May 20, 2021, the custody hearing commenced before the trial court.  Plaintiff participated via Zoom.  Plaintiff stated she had acquired counsel.  However, the trial court noted "no one has filed an appearance" or filed witness or exhibits lists.  The trial court took judicial notice of the custody file and the file associated with the child-protective proceeding, and defendant provided testimony.  After direct examination was complete, an attorney who had been retained to represent plaintiff in a limited capacity appeared and requested an adjournment.  The trial court granted the request and adjourned the matter to July 2, 2021.  At the beginning of the July 2, 2021 hearing, counsel for plaintiff requested permission to withdraw as a result of plaintiff's lack of cooperation.  The motion was granted, and the custody hearing proceeded over the course of several days in July, October, and November 2021, with plaintiff proceeding *in propria persona*.  Plaintiff was permitted to cross-examine defendant, and plaintiff and one of the caseworkers provided testimony.  On November 10, 2021, the trial court issued a partial ruling from the bench, finding AM's established custodial environment was with defendant.  The trial court evaluated the

---

[1] The petition also concerned plaintiff's two sons, AJ and BM.  AJ and BM were dismissed from the petition after it was determined they had an established custodial environment with their maternal grandparents.

best-interests factors, concluding a majority of the factors weighed in favor of defendant. The trial court declined to rule on the issue of custody until it interviewed AM.

On November 17, 2021, the trial court entered an order, which reflected that the trial court had interviewed AM. The trial court awarded defendant "sole legal and physical custody" of AM, and plaintiff was granted weekly, supervised parenting time. The November 17, 2021 order was issued under the case number associated with the child-protective proceeding. It indicated it was a final order that closed the case.

On December 9, 2021, the trial court held a dispositional review and permanency planning hearing. The trial court found the permanency planning goal of reunifying AM with a parent was achieved and terminated jurisdiction as to AM. The trial court noted that it held a custody hearing and granted sole legal and physical custody to defendant. This appeal followed, and this Court granted the Legal Services Association of Michigan (amicus curiae) leave to file an amicus curiae brief. *Jendrusik v Marine*, unpublished order of the Court of Appeals, entered July 12, 2022 (Docket No. 359502).

## II. ANALYSIS

Plaintiff and amicus curiae argue that plaintiff was entitled to court-appointed counsel in the custody proceedings because those proceedings were so intertwined as to be considered a "stage of the [child-protective] proceeding" under MCL 712A.17c(4)(a). However, plaintiff is not challenging the outcome of the child-protective proceeding. Plaintiff is only challenging the outcome of the custody proceedings; thus, this is not the proper case to determine the issue whether a custody proceeding can be so intertwined with a child-protective proceeding that the right to counsel attaches with regard to the custody proceeding.

At the time the child-protective proceeding was commenced, plaintiff had sole legal custody of AM and shared joint physical custody of AM with defendant. AM was removed from plaintiff's care and custody because of her inability to properly parent AM as a result of untreated mental health issues and substance abuse. It is undisputed that plaintiff was entitled to, and received, court-appointed counsel with respect to the child-protective proceeding. During the child-protective proceeding, defendant—who successfully completed his treatment plan—sought a change of custody of AM, i.e., a new custody order.

Ultimately, a new custody order was entered which granted defendant sole legal and physical custody of AM, and granted plaintiff weekly, supervised parenting time. Once AM was determined to be properly protected in the placement with a parent, the purpose of the child-protective proceeding was achieved and jurisdiction over AM was terminated. See *In re Brock*, 442 Mich 101, 119; 499 NW2d 752 (1993) ("the purpose of a child protective proceeding is to protect the welfare of the child"). And plaintiff does not challenge the outcome of the child-protective proceeding, i.e., the termination of jurisdiction over AM. That is, plaintiff does not argue that the child-protective proceeding was improperly concluded. Rather, plaintiff only challenges the outcome of the custody proceedings and there is no right to court-appointed counsel

in custody proceedings. See *Haller v Haller*, 168 Mich App 198, 199-200; 423 NW2d 617 (1988).[2] Although plaintiff argues that "the custody case became the mechanism through which the trial court and DHHS resolved [the] neglect case," plaintiff does not challenge the outcome of the child-protective proceeding. And plaintiff's parental rights were not terminated in the child-protective proceeding. In other words, plaintiff retained her rights to parent AM. See *id*. at 199 (a custody order does not terminate the parental bond; parental rights are retained including reasonable visitation). The result of the resolution of the custody matter was simply that the child-protective proceeding was no longer necessary—the child was safe. Accordingly, the issue whether the right to counsel should attach to certain custody proceedings that become "inextricably intertwined" with a child-protective proceeding—the result of which is ultimately challenged as outcome determinative and detrimental to a parent—need not be resolved in this case challenging only the order entered in the custody matter.

We affirm the trial court's November 17, 2021 custody order. In so holding, however, we caution the trial court that it must confirm that motions and orders have the appropriate caption and case number when it consolidates different matters concerning the same family. See *In re AP*, 283 Mich App 574, 599; 770 NW2d 403 (2009). Here, the case number on the November 17, 2021 custody order bears the case number of the child-protective proceeding. We therefore remand to the trial court for the ministerial task of correcting the caption on the November 17, 2021 custody order. See MCR 7.216(A)(7).

Affirmed, but remanded for the ministerial task of correcting the case number on the November 17, 2021 custody order. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford

---

[2] Cases decided by this Court before November 1, 1990 are not binding precedent, MCR 7.215(J)(1), but we can consider them as persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).