*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JENNIFER TUTTLEMAN,

Plaintiff-Appellee,

v

EDWARD KEMPEN,

Defendant-Appellant.

UNPUBLISHED
February 12, 2026
10:08 AM

No. 375646
Oakland Circuit Court
LC No. 2024-528616-DM

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals as of right from the judgment of divorce. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Throughout the majority of the divorce proceedings, defendant represented himself. After defendant refused to respond to plaintiff's discovery requests, the trial court found him in contempt. The trial court forbade defendant from introducing evidence at trial relating to any subjects for which plaintiff ineffectively sought discovery as a sanction. Defendant moved to dismiss the case, arguing that the parties were not legally married, challenging the validity of their marriage license. Defendant retained counsel eight days before the parties' scheduled bench trial. The bench trial focused primarily on defendant's income for purposes of calculating child support because the parties were otherwise able to agree on custody, parenting time, and the division of property. The trial court reviewed the limited evidence available as a result of defendant's contempt sanction and found that he should pay $2,369 per month in child support. It incorporated this amount in a Uniform Child Support Order that was entered alongside the consent judgment of divorce.

Defendant moved for reconsideration after the judgment was entered. The trial court treated the motion as one for a new trial because it primarily argued that defendant was denied the effective assistance of counsel and was thus entitled to a new trial. The trial court declined to hear oral argument on the motion and denied it on the merits.

## II. STANDARDS OF REVIEW

We review questions of law de novo. *Shinkle v Shinkle (On Rehearing)*, 255 Mich App 221, 224; 663 NW2d 481 (2003). A trial court's decision to dispense with oral argument under MCR 2.119(E)(3) is reviewed for an abuse of discretion. *Fisher v Belcher*, 269 Mich App 247, 252; 713 NW2d 6 (2005). A trial court's denial of a motion for new trial or for reconsideration is also reviewed for an abuse of discretion. *Luckow v Luckow*, 291 Mich App 417, 423; 805 NW2d 453 (2011); *Mahrle v Danke*, 216 Mich App 343, 351; 549 NW2d 56 (1996). An abuse of discretion occurs when the trial court's ruling falls outside the range of reasonable and principled outcomes. *Colen v Colen*, 331 Mich App 295, 300; 952 NW2d 558 (2020).

## III. MARRIAGE LEGALITY

Defendant first argues that the trial court erred when it failed to consider evidence that the parties were not legally married. But the trial court did not ignore defendant's evidence without reason. It ruled that defendant was judicially estopped from challenging the legality of the marriage because, two years earlier, he had filed for divorce himself and alleged in his complaint that the parties were legally married. Defendant's brief on appeal does not address the merits of the trial court's conclusion; instead, it merely argues that the trial court failed to consider the evidence he provided. Because defendant does not challenge the trial court's imposition of judicial estoppel—the reason the trial court refused to entertain defendant's argument—he has failed to allege any actual error by the trial court.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next asserts various claims of ineffective assistance of trial counsel. But a party in a divorce proceeding may not assert a claim of ineffective assistance of counsel. As this Court has explained:

> The first issue raised by plaintiff is whether she was entitled to and received effective assistance of counsel. Plaintiff argues that due process requires effective counsel in a divorce action where custody of a minor child is in dispute. Plaintiff relies on *Artibee v Cheboygan Circuit Judge*, 397 Mich 54; 243 NW2d 248 (1976), which established an indigent defendant's due process right to appointed counsel in a paternity proceeding under Const 1963, art 1, § 17. We hold that plaintiff had no due process right to counsel, and, therefore, no constitutional right to effective counsel in her divorce action.

> It is axiomatic that the right to effective assistance of counsel is derived from a right to counsel. *In re Rogers*, 160 Mich App 500; 409 NW2d 486 (1987). Michigan recognizes a right to counsel in termination of parental rights actions, MCR 5.906(C)(2)(b), as well as in paternity proceedings. *Artibee*, *supra*, [at] 56.

> In *Artibee*, our Supreme Court stated: "An analysis of what process is due in a particular proceeding must begin with an examination of the nature of the proceeding and the interests which may be affected by it." *Id.*[ at 56-57]. The *Artibee* Court focused on the following factors: (1) paternity actions are "quasi-criminal," generally prosecuted by public officials at public expense, (2) a

defendant faces significant penalties, including a substantial financial commitment as well as possible imprisonment, and (3) a paternity proceeding is sufficiently complex so as to require counsel to insure a fair trial.

Applying this analysis to the instant case, we find no due process right to counsel.

First, and foremost, a custody proceeding is a civil action initiated by and on behalf of the litigants. MCL 722.21 *et seq*. In contrast to *Artibee*, where the resources of the state were arrayed against the defendant, the state is not a party in a custody proceeding. The interest of the state, exercised through its judiciary, is to advance and protect the best interests of the child. MCL 722.27(1)(a).

Second, while we recognize that a parent's interest in the care and custody of a minor child is an important interest that warrants due process protection, *In re Dittrick Infant*, 80 Mich App 219; 263 NW2d 37 (1977), a custody decree does not constitute a complete termination of the parental bond. Full parental rights are retained including reasonable visitation. MCL 722.27(1)(b). In addition, the element of finality of obligation discussed in *Artibee* is not present in a custody proceeding. A custody decree is subject to modification for proper cause shown or because of a change in circumstances, in the best interest of the child. MCL 722.27(1)(c). A decree is only effective until the minor attains the age of majority. MCL 722.27(1)(a).

Third, although we find the proceedings sufficiently complex to require counsel, this factor alone is insufficient to give rise to a due process right to appointed counsel.

We therefore conclude that the due process factors considered in *Artibee*, as applied to the instant case, do not weigh in favor of a constitutional right to counsel. Since no such constitutional right is implicated, it follows that plaintiff was not entitled to effective assistance of counsel. We note that plaintiff is free to seek new counsel and move for modification of the custody decree. [*Haller v Haller*, 168 Mich App 198, 199-200; 423 NW2d 617 (1988).]

Defendant may not seek relief on the basis that he was denied the effective assistance of counsel.

## V. MOTION FOR RECONSIDERATION AND ORAL ARGUMENT

Defendant also argues that the trial court erred in denying his motion for reconsideration and dispensing with oral argument. We disagree.

Defendant's motion for reconsideration, which the trial court treated as a motion for a new trial, was premised on his contention that he was denied the effective assistance of counsel. As discussed, defendant could not raise such a claim in this civil proceeding; thus, the trial court's decision to deny the motion was not erroneous. Moreover, the trial court had the discretion to dispense with oral argument on defendant's motion, MCR 2.119(E)(3). Because defendant's

claims in his motion failed as a matter of law, the trial court did not abuse its discretion in refusing to hear his arguments when he was not entitled to the relief sought in his motion.

## VI. CONSENT JUDGMENT

Defendant finally argues that the trial court erred by entering the consent judgment of divorce because he did not agree to its terms and did not sign it. But, aside from his unfounded claims of ineffective assistance of counsel, which, as discussed, are not available to defendant, *Haller*, 168 Mich App at 199-200, defendant's argument as to how the trial court erred in this respect is extremely limited. The entirety of defendant's argument as it pertains to the trial court's actions is that he "did not knowingly or voluntarily agree to the final terms[]" because there was "no hearing or waiver of hearing, no record confirming [his] consent, and the terms materially differed from prior drafts." However, defendant never explains *how* the consent judgment differed from these unidentified prior drafts, nor does he identify with which portions he allegedly did not agree in the judgment itself. Indeed, he claims that there was "no record" confirming his consent, but the record indicates that defendant consented to a settlement agreement on the record that covered issues of custody, spousal support, tax returns, and property division.

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority to either sustain or reject his position. [*Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015) (quotation marks and citation omitted).]

By failing to properly brief the merits of his assertion of error, defendant has abandoned the issue on appeal. *Id.*

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

-4-