*In re* DITTRICK INFANT

(BAY COUNTY DEPARTMENT OF SOCIAL SERVICES v
DITTRICK)

1. INFANTS—CUSTODY—EVIDENCE—TERMINATION OF PARENTAL
RIGHTS.

Evidence of how a parent treats one child is probative of how
that parent may treat other children and is properly admissible
in proceedings involving termination of parental rights over an
allegedly neglected minor.

2. INFANTS—WORDS AND PHRASES—CHILD—UNBORN CHILD—COURTS—
PROBATE COURTS—JURISDICTION—PROBATE CODE—STATUTES.

The term "child" as used in the provision of the Probate Code
which confers jurisdiction in the probate court over proceedings
concerning any child under 17 years of age whose home for any
of several reasons is an unfit home for the child to live in could
be read as applying even to unborn children, however, a
reading of other provisions of the probate code indicate that the
Legislature did not intend the application of that provision to
unborn children; therefore, a probate court may not terminate
parental rights in an unborn child because of a lack of jurisdic-
tion over the matter (MCLA 712A.2; MSA 27.3178[598.2]).

3. INFANTS—PARENT AND CHILD—CHILD CUSTODY—UNBORN CHILD—
PROBATE COURT—JURISDICTION—COURT RULES.

An order of a probate court which terminated parental rights
over a child which was unborn at the time the order was
entered was without proper authority as the probate court has
no jurisdiction over an unborn child; however, the order should
remain in effect for a period of 60 days after the release date of
this opinion because the actions of the plaintiff and the probate
court were correct in the sense that the best interests of all

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parent and Child § 43.
[2] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children § 26.
[3] 59 Am Jur 2d, Parent and Child § 41.
[4] 59 Am Jur 2d, Parent and Child § 10.

concerned requires that the infant not be left in the parents' custody and the 60-day period will allow sufficient time for a proper invocation of probate court jurisdiction in the event that the plaintiff social agency believes that the parental home is still an unfit residence (GCR 1963, 820.1[1], [7]).

4. CONSTITUTIONAL LAW—PARENT AND CHILD—PARENTAL RIGHTS—
DUE PROCESS.

Parental rights are of constitutional magnitude and are protected by the due process clauses of the Michigan and United States constitutions.

Appeal from Bay, John X. Theiler, J. Submitted October 11, 1977, at Lansing. (Docket No. 77-1712.) Decided December 6, 1977.

Petition in probate court by the Bay County Department of Social Services for an order granting to the Department of Social Services temporary custody of an unborn child expected by Gary and Carol Dittrick. Order granted. The Dittricks appealed to circuit court which dismissed the appeal and remanded to the probate court for further hearings. The Dittricks appeal by leave granted. Reversed, with custody to remain with the Department of Social Services for 60 days after the release date of the opinion to allow further proceedings.

*Eugene C. Penzien,* Prosecuting Attorney, and *George B. Mullison,* Chief Assistant Prosecutor, for plaintiff.

*Legal Services of Eastern Michigan* (by *Alice A. Kleinhans),* for Carol Dittrick.

*Frederick J. Cady, III,* for Gary Dittrick.

Before: DANHOF, C. J., and ALLEN and H. L. HEADING,* JJ.

ALLEN, J. On December 17, 1976, the Bay County Probate Court issued an order directing that the plaintiff, Bay County Department of Social Services, take temporary custody of the child of defendants Gary and Carol Dittrick. The situation presented is novel because the child was not born until February 2, 1977, 45 days after the order was issued. This appeal challenges the plaintiff's asserted authority to act in this manner and the probate court's asserted jurisidiction to issue the challenged order. The appeal comes to this Court following circuit court affirmance of the preliminary probate court order.

The record shows that the defendants' parental rights over defendant Carol Dittrick's first child were permanently terminated in May of 1976, following allegations of continuing physical and sexual abuse. Criminal charges against both defendants are now pending as a result of those abuse allegations.

Shortly before the parental rights over the first child were terminated, defendant Carol Dittrick became pregnant with the child who is the subject of the present litigation.

Believing that the birth of this present child was imminent, the plaintiff filed a petition in probate court on December 17, 1976, seeking an order of temporary custody pending further hearings. JCR 1969, 2.1; MCLA 712A.11; MSA 27.3178(598.11). The defendants were not notified of the filing of this petition. The requested order was entered the same day and was served on the defendants on December 30, 1976. After some initial procedural

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

maneuvering, the defendants appealed the order to the Bay County Circuit Court which dismissed their appeal and remanded the proceedings to the probate court for the required preliminary and (possibly) formal hearings. JCR 1969, 4, 7, 8; MCLA 712A.11-19a; MSA 27.3178(598.11)–(598.19a). The defendants appeal from that order.[1]

The defendants have raised multiple statutory and constitutional issues. We address only two of those issues; the remainder are without merit and, in any event, are made moot by our rulings on the first two.

Defendants first argue that the probate court could not find neglect and order a change of custody based on allegations that they had abused defendant Carol Dittrick's first child. *In the Matter of LaFlure,* 48 Mich App 377; 210 NW2d 482 (1973), properly answers and rejects this argument. Defendants attempt to distinguish *LaFlure* by arguing that it only permits a finding of anticipated future neglect of a second child where a finding of past neglect of the second child has already been made. We reject that distinction because we believe that the reasoning of *LaFlure* is sound, even when applied to a situation where no prior determination of neglect has been made.

However, we are persuaded by the defendants' alternative argument that the probate court did not have jurisdiction to enter the contested order because it could not acquire jurisdiction over an unborn child. The probate court jurisdiction in such matters is defined by MCLA 712A.2; MSA

---

[1] The preceding procedural history has been greatly simplified. In fact, the contested preliminary hearing has been held and a formal hearing has been ordered—all this pursuant to the circuit court's order which is belatedly being challenged by this appeal. This confusion exists because the defendants waited until after the preliminary hearing had been held before requesting a clarification of the original circuit court order and then appealing from that clarification.

27.3178(598.2). Subsection (b) of that statute provides that the probate court has:

"Jurisdiction in proceedings concerning any child under 17 years of age found within the county

\* \* \*

"(2) whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in."

We recognize that the word "child" could be read as applying even to unborn persons. However, our reading of other sections of Chapter XIIA of the Probate Code convinces us that the Legislature did not intend application of these provisions to unborn children. For example, MCLA 712A.11; MSA 27.3178(598.11), requires that a petition for change of custody state the birthdate of the subject child. This was obviously impossible in the present case. Nothing in the Juvenile Court Rules of 1969 expands the jurisdiction granted by the statutory provisions.

The Legislature may wish to consider appropriate amendments to the Probate Code. Indeed, the background of the present case has convinced us that such amendments would be desirable. However, the Code as now written did not give the probate court jurisdiction to enter its original order in the present case. We decline by judicial amendment to do that which, at the time of enactment, the Legislature did not contemplate.

Although the plaintiff Bay County Department of Social Services and the probate court acted without proper authority, we nevertheless believe that their actions were "correct" in the sense that the best interests of all concerned required that the defendants' infant not be left in defendants'

custody. While we have ruled in the defendants' favor on the legal question raised, we do not intend to cause an immediate change of custody back to the defendants. We therefore order that the present custody arrangement shall remain in effect until 60 days after the release date of this opinion. GCR 1963, 820.1(1), (7). This will allow sufficient time for a proper invocation of probate court jurisdiction in the event that plaintiff Bay County Department of Social Services believes that the parental home is still an unfit residence.

The defendants' remaining arguments are without merit and most are rendered moot by the preceding analysis.[2]

The judgment below is reversed. Temporary custody is continued for 60 days by order of this Court.

---

[2] The defendants raised a number of constitutional arguments. Michigan has recognized that parental rights are of constitutional magnitude and are protected by the due process clauses of the Michigan and United States constitutions. *In the Matter of LaFlure, supra, Reist v Bay Circuit Judge,* 396 Mich 326; 241 NW2d 55 (1976) (opinion of LEVIN, J.). But we see no violation of these rights in the present case which has not been remedied by this opinion.