80 Mich. App. 219 (1977)
263 N.W.2d 37
In re DITTRICK INFANT.
BAY COUNTY DEPARTMENT OF SOCIAL SERVICES
v.
DITTRICK.
Docket No. 77-1712.
Michigan Court of Appeals.
Decided December 6, 1977.
Eugene C. Penzien, Prosecuting Attorney, and George B. Mullison, Chief Assistant Prosecutor, for plaintiff.
Legal Services of Eastern Michigan (by Alice A. Kleinhans), for Carol Dittrick.
Frederick J. Cady, III, for Gary Dittrick.
*221 Before: DANHOF, C.J., and ALLEN and H.L. HEADING,[*] JJ.
ALLEN, J.
On December 17, 1976, the Bay County Probate Court issued an order directing that the plaintiff, Bay County Department of Social Services, take temporary custody of the child of defendants Gary and Carol Dittrick. The situation presented is novel because the child was not born until February 2, 1977, 45 days after the order was issued. This appeal challenges the plaintiff's asserted authority to act in this manner and the probate court's asserted jurisidiction to issue the challenged order. The appeal comes to this Court following circuit court affirmance of the preliminary probate court order.
The record shows that the defendants' parental rights over defendant Carol Dittrick's first child were permanently terminated in May of 1976, following allegations of continuing physical and sexual abuse. Criminal charges against both defendants are now pending as a result of those abuse allegations.
Shortly before the parental rights over the first child were terminated, defendant Carol Dittrick became pregnant with the child who is the subject of the present litigation.
Believing that the birth of this present child was imminent, the plaintiff filed a petition in probate court on December 17, 1976, seeking an order of temporary custody pending further hearings. JCR 1969, 2.1; MCLA 712A.11; MSA 27.3178(598.11). The defendants were not notified of the filing of this petition. The requested order was entered the same day and was served on the defendants on December 30, 1976. After some initial procedural *222 maneuvering, the defendants appealed the order to the Bay County Circuit Court which dismissed their appeal and remanded the proceedings to the probate court for the required preliminary and (possibly) formal hearings. JCR 1969, 4, 7, 8; MCLA 712A.11-19a; MSA 27.3178(598.11)-(598.19a). The defendants appeal from that order.[1]
The defendants have raised multiple statutory and constitutional issues. We address only two of those issues; the remainder are without merit and, in any event, are made moot by our rulings on the first two.
Defendants first argue that the probate court could not find neglect and order a change of custody based on allegations that they had abused defendant Carol Dittrick's first child. In the Matter of LaFlure, 48 Mich App 377; 210 NW2d 482 (1973), properly answers and rejects this argument. Defendants attempt to distinguish LaFlure by arguing that it only permits a finding of anticipated future neglect of a second child where a finding of past neglect of the second child has already been made. We reject that distinction because we believe that the reasoning of LaFlure is sound, even when applied to a situation where no prior determination of neglect has been made.
However, we are persuaded by the defendants' alternative argument that the probate court did not have jurisdiction to enter the contested order because it could not acquire jurisdiction over an unborn child. The probate court jurisdiction in such matters is defined by MCLA 712A.2; MSA *223 27.3178(598.2). Subsection (b) of that statute provides that the probate court has:
"Jurisdiction in proceedings concerning any child under 17 years of age found within the county
* * *
"(2) whose home or environment, by reason of neglect, cruelty, drunkenness, criminality or depravity on the part of a parent, guardian or other custodian, is an unfit place for such child to live in."
We recognize that the word "child" could be read as applying even to unborn persons. However, our reading of other sections of Chapter XIIA of the Probate Code convinces us that the Legislature did not intend application of these provisions to unborn children. For example, MCLA 712A.11; MSA 27.3178(598.11), requires that a petition for change of custody state the birthdate of the subject child. This was obviously impossible in the present case. Nothing in the Juvenile Court Rules of 1969 expands the jurisdiction granted by the statutory provisions.
The Legislature may wish to consider appropriate amendments to the Probate Code. Indeed, the background of the present case has convinced us that such amendments would be desirable. However, the Code as now written did not give the probate court jurisdiction to enter its original order in the present case. We decline by judicial amendment to do that which, at the time of enactment, the Legislature did not contemplate.
Although the plaintiff Bay County Department of Social Services and the probate court acted without proper authority, we nevertheless believe that their actions were "correct" in the sense that the best interests of all concerned required that the defendants' infant not be left in defendants' *224 custody. While we have ruled in the defendants' favor on the legal question raised, we do not intend to cause an immediate change of custody back to the defendants. We therefore order that the present custody arrangement shall remain in effect until 60 days after the release date of this opinion. GCR 1963, 820.1(1), (7). This will allow sufficient time for a proper invocation of probate court jurisdiction in the event that plaintiff Bay County Department of Social Services believes that the parental home is still an unfit residence.
The defendants' remaining arguments are without merit and most are rendered moot by the preceding analysis.[2]
The judgment below is reversed. Temporary custody is continued for 60 days by order of this Court.
NOTES
[*] Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.
[1] The preceding procedural history has been greatly simplified. In fact, the contested preliminary hearing has been held and a formal hearing has been ordered  all this pursuant to the circuit court's order which is belatedly being challenged by this appeal. This confusion exists because the defendants waited until after the preliminary hearing had been held before requesting a clarification of the original circuit court order and then appealing from that clarification.
[2] The defendants raised a number of constitutional arguments. Michigan has recognized that parental rights are of constitutional magnitude and are protected by the due process clauses of the Michigan and United States constitutions. In the Matter of LaFlure, supra, Reist v Bay Circuit Judge, 396 Mich 326; 241 NW2d 55 (1976) (opinion of LEVIN, J.). But we see no violation of these rights in the present case which has not been remedied by this opinion.