*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE LACHAPELLE,

Plaintiff-Appellant,

v

MARCO LACHAPELLE,

Defendant-Appellee.

UNPUBLISHED
August 19, 2025
1:35 PM

No. 370075
Macomb Circuit Court
LC No. 2023-001149-DO

Before: BORRELLO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Plaintiff appeals as of right the consent judgment of divorce between her and defendant. For the reasons set forth in this opinion, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

This case arises from divorce proceedings between plaintiff and defendant. The parties agreed to participate in mediation, from which they believed a settlement agreement emerged. However, shortly thereafter, plaintiff's attorney filed a motion to withdraw, with plaintiff consenting to this withdrawal. Subsequently, plaintiff indicated her intention to obtain new legal representation and requested a 30-day adjournment, citing suspicions of fraud on the part of defendant that allegedly rendered the initial settlement inadequate regarding the division of marital property. At this point, both parties acknowledged an outstanding marital bill involving an automobile repair bill of approximately $2,500 that had not been taken into consideration in the settlement agreement.

In lieu of conducting an evidentiary hearing to address plaintiff's allegations of fraud or granting her request for a continuance to secure a new attorney, the trial court reaffirmed the recorded settlement to which the court believed plaintiff had previously consented. The court then swore in defendant, accepted statutory proofs, and granted the divorce. Subsequently, a consent judgment of divorce was entered by the court, filed by defendant without plaintiff's signature.

-1-

In February 2024, now represented by a new attorney, plaintiff filed a verified motion to set aside or modify the previous settlement and judgment of divorce, alleging fraud and a failure to thoroughly adjudicate the marital estate. She contended that defendant had illegally concealed and diverted marital assets and that there were additional undisposed assets that contradicted the settlement agreement. Plaintiff asserted that her consent to the settlement was obtained under duress, as her former attorney had threatened to withdraw unless she acquiesced to the settlement and judgment. She sought an evidentiary hearing to determine whether fraud had occurred and to address the adjudication of the purportedly missing assets.

After reviewing the arguments from both parties, the court took the matter under advisement and subsequently issued an order that denied plaintiff's motion with minimal justification, stating: "Plaintiff's Motion to Set Aside Mediation Settlement and Judgment of Divorce pursuant to MCR 2.612(C) is DENIED."

This appeal followed.

## II. ATTORNEY WITHDRAWAL

In her appeal, plaintiff argues that the trial court violated her constitutional right to counsel under Const 1963, art 1, § 13, and abused its discretion by adjudicating the validity of the settlement agreement without allowing plaintiff an opportunity to retain a new attorney.

Generally, for an issue to be preserved, it must be raised in or decided by the trial court. See *Kuebler v Kuebler*, 346 Mich App 633, 697; 13 NW3d 339 (2023), quoting *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Plaintiff did not raise the issue of whether her constitutional right to counsel was violated in the trial court. Therefore, that aspect of her argument is unpreserved. Because plaintiff did not raise her constitutional argument in the trial court, we could consider it waived under the raise or waive rule. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023) ("If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue."). However, this Court has discretion to review an unpreserved issue in a civil case "if review would prevent manifest injustice, if review is necessary for proper resolution of the case, or if the issue involves a question of law and the facts necessary for determination have been presented, or if declining to do so would result in a miscarriage of justice." *Compagner v Burch*, 347 Mich App 190, 211; 14 NW3d 794 (2023). Although plaintiff did not raise her constitutional argument below, we address the issue because it involves a question of law and the facts necessary for its determination have been presented.

We review questions of constitutional law de novo. *Sheardown v Guastella*, 324 Mich App 251, 255; 920 NW2d 172 (2018). "This Court reviews for an abuse of discretion the trial court's decision whether to adjourn or continue a proceeding." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019). An abuse of discretion occurs when the trial court's decision "falls outside the range of reasonable outcomes." *Tolas*, 347 Mich App at 319. A trial court necessarily abuses its discretion when its decision is premised on a mistake of law. *Id.*

The Michigan Constitution provides that a party in a civil proceeding has the "right to prosecute or defend his suit, either in his own proper person or by an attorney." Const 1963, art

1, § 13. However, in *Haller v Haller*, 168 Mich App 198, 199-200; 423 NW2d 617 (1988), this Court held:

> In *Artibee,* our Supreme Court stated: "An analysis of what process is due in a particular proceeding must begin with an examination of the nature of the proceeding and the interests which may be affected by it." *Id.,* pp. 56-57, 243 N.W.2d 248. The *Artibee* Court focused on the following factors: (1) paternity actions are "quasi-criminal," generally prosecuted by public officials at public expense, (2) a defendant faces significant penalties, including a substantial financial commitment as well as possible imprisonment, and (3) a paternity proceeding is sufficiently complex so as to require counsel to insure a fair trial.
>
> Applying this analysis to the instant case, we find no due process right to counsel.
>
> First, and foremost, a custody proceeding is a civil action initiated by and on behalf of the litigants. M.C.L. § 722.21 *et seq.*; M.S.A. § 25.312(1) *et seq.* In contrast to *Artibee,* where the resources of the state were arrayed against the defendant, the state is not a party in a custody proceeding. The interest of the state, exercised through its judiciary, is to advance and protect the best interests of the child. M.C.L. § 722.27(1)(a); M.S.A. § 25.312(7)(1)(a).
>
> Second, while we recognize that a parent's interest in the care and custody of a minor child is an important interest that warrants due process protection, *In re Dittrick Infant,* 80 Mich.App. 219, 263 N.W.2d 37 (1977), a custody decree does not constitute a complete termination of the parental bond. Full parental rights are retained including reasonable visitation. M.C.L. § 722.27(1)(b); M.S.A. § 25.312(7)(1)(b). In addition, the element of finality of obligation discussed in *Artibee* is not present in a custody proceeding. A custody decree is subject to modification for proper cause shown or because of a change in circumstances, in the best interest of the child. M.C.L. § 722.27(1)(c); M.S.A. § 25.312(7)(1)(c). A decree is only effective until the minor attains the age of majority. M.C.L. § 722.27(1)(a); M.S.A. § 25.312(7)(1)(a).
>
> Third, although we find the proceedings sufficiently complex to require a, this factor alone is insufficient to give rise to a due process right to appointed counsel
> .
> We therefore conclude that the due process factors considered in *Artibee,* as applied to the instant case, do not weigh in favor of a constitutional right to counsel. Since no such constitutional right is implicated, it follows that plaintiff was not entitled to effective assistance of counsel. [1]

---

[1] "Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding upon us, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed." *Stoudemire v Thomas*, 344 Mich App 34, 41 n 2; 999 NW2d

Considering established jurisprudence surrounding the right to counsel in divorce proceedings, we conclude that plaintiff's claim of a constitutional violation by the trial court is unfounded. However, plaintiff additionally argues that the trial court erred by failing to afford her the opportunity to secure a new attorney after allowing her current attorney to withdraw. Plaintiff argues her position is supported by *Bye v Ferguson*, 138 Mich App 196, 200; 360 NW2d 175 (1984). In that case, the trial court permitted the withdrawal of the defendant's attorney on the morning of the trial, without the defendant's presence or prior notice of the withdrawal. Subsequently, the court proceeded with the trial and rendered a judgment against the defendant. *Id*. The *Bye* Court held:

> Withdrawal of counsel does not give a litigant an absolute right to a continuance; the decision to grant a continuance rests in the sound discretion of the trial court. However, in this case, the defendant should have been given notice of withdrawal and given an opportunity to obtain new counsel. The judge's actions in proceeding directly to trial were an abuse of discretion. [*Id*. at 207-208.]

In reaching its conclusion, the *Bye* Court emphasized the pivotal role of notice in its conclusions. Referencing established rules of professional responsibility, the court articulated that any withdrawal must be preceded by reasonable and adequate notice. It also examined case law from other jurisdictions highlighting the necessity of notifying the client prior to an attorney's withdrawal. Ultimately, this Court determined that defendant's actions did not justify the attorney's withdrawal without prior notice. This principle has been reaffirmed in subsequent rulings, where our court acknowledged that notice of an attorney's intent to withdraw is the fundamental factor. See, *Pascoe v Sova*, 209 Mich App 297, 300; 530 NW2d 781 (1995).

In the present matter, the evidentiary record unmistakably indicates that plaintiff was aware of her attorney's intent to withdraw. A motion for withdrawal was filed by her attorney on January 10, 2024, followed by a court hearing on January 11, during which plaintiff explicitly recognized a "breakdown in the relationship" with her attorney and acknowledged their mutually agreed separation. Therefore, it is unequivocal that plaintiff was sufficiently informed of, and indeed consented to, her attorney's withdrawal.

However, in addition to the lack of notice, *Bye* also concluded that "the trial court erred by proceeding immediately to trial," and the defendant should have been "given an opportunity to obtain new counsel" given the circumstances of the case. *Bye*, 138 Mich App at 208.

Defendant underscores a key distinction from *Bye*, noting that plaintiff was present during the hearing on her attorney's motion to withdraw. However, we conclude that plaintiff's mere presence does not resolve the fundamental issue, as it is evident she did not intend to represent herself and explicitly expressed her desire not to proceed without an attorney. Our decision in

---

43 (2022). We further note that several unpublished opinions from this Court have similarly cited *Haller* for the proposition that due process does not require counsel in divorce proceedings.

*Bye*, which identifies a lack of intent on the defendant's part to self-represent, highlights a similar concern here. *Bye*, 138 Mich App at 207.

While *Bye* pertained to trial proceedings whereas this case involves a motion hearing, the court nonetheless sought to determine the suitability of entering a judgment based on a purported settlement agreement. In a manner akin to the situation in *Bye*, the court concluded proceedings and rendered judgment without affording plaintiff an opportunity to secure new representation. The court's decision to grant the divorce contingent on defendant's submission of the consent judgment effectively truncated the proceedings, precluding plaintiff from pursuing allegations of fraud and asserting claims regarding the incomplete resolution of the marital estate. Consequently, our rationale articulated in *Bye* leads us to conclude that the trial court may have exercised its discretion inappropriately by denying plaintiff the chance to engage a new attorney.

Moreover, while it is established that the withdrawal of an attorney does not confer an absolute entitlement to a continuance—placing the discretion to grant such requests within the purview of the trial court—*Bye*, indicates that in light of plaintiff's consistent requests for an adjournment to secure new legal representation and to address the potential issues of fraudulent activity and incomplete adjudication of the marital estate, the trial court's decision to enter divorce judgment without allowing the plaintiff to acquire new legal representation falls outside the bounds of reasonable judicial outcomes. *Id.* See also, *Tolas*, 347 Mich App at 319.

Despite the trial court's evident abuse of discretion, we ultimately determine that the error was harmless. According to MCR 2.613(A), a ruling error does not warrant the annulment or alteration of a judgment or order unless the failure to act would be inconsistent with substantial justice. In this case, plaintiff had over three weeks to secure new representation following her attorney's withdrawal and prior to the entry of the consent judgment of divorce. Nevertheless, plaintiff did not retain a new attorney until almost two weeks after the consent judgment had been entered. Importantly, once represented, she effectively pursued her arguments for setting aside or modifying the divorce judgment. Given that plaintiff had the opportunity to obtain a new attorney prior to the judgment's entry and subsequently received competent representation regarding her new claims, the trial court's error was harmless. MCR 2.613(A).

### III. BINDING EFFECT OF THE MEDIATED SETTLEMENT

Plaintiff contends that the trial court erred by rendering a divorce judgment based on a settlement agreement that was neither documented in writing nor executed by the parties, in clear violation of MCR 2.507(G). Furthermore, she asserts that the absence of this agreement from the record raises substantial questions regarding the fairness of the proceedings.

As previously articulated, for an issue to be preserved for appellate review, it must be raised in or adjudicated by the trial court. *Kuebler*, 346 Mich App at 697. In this instance, plaintiff did not contend that the settlement agreement was invalid due to a failure to comply with the written requirements of MCR 2.507(G). Consequently, this issue remains unpreserved. Given that plaintiff did not present her argument before the trial court, we may consider the issue waived pursuant to the raise-or-waive principle articulated in *Tolas*, 347 Mich App at 289, which holds that "[i]f a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." Nonetheless, we retain the discretion to address unpreserved issues in civil cases "if

the issue involves a question of law and the necessary factual determinations have been presented." *Compagner*, 347 Mich App at 211. We will again examine this substantive issue despite its unpreserved status, given its legal nature and the adequacy of the facts available for resolution.

We review the construction and application of a court rule de novo. *Vittiglio v Vittiglio*, 297 Mich App 391, 397-398; 824 NW2d 591 (2012). We also "review[s] for clear error the factual findings underlying a trial court's application of a court rule." *Id*. at 398. "A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake." *Tolas*, 347 Mich App at 319. "The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Vittiglio*, 297 Mich App at 397 (quotation marks and citation omitted). An abuse of discretion occurs when the trial court's decision "falls outside the range of reasonable outcomes." *Tolas*, 347 Mich App at 319. A trial court necessarily abuses its discretion when its decision is premised on a mistake of law. *Id*.

MCR 3.201(A)(1) provides that subchapter 3.200 of the Michigan Court Rules applies to divorce actions. Relevant here is MCR 3.216, which details mediation and settlement procedures in domestic relations cases. MCR 3.216(H)(8) sets forth the conditions under which a mediated settlement agreement becomes binding:

> If a settlement is reached as a result of the mediation, to be binding, the terms of that settlement must be reduced to a signed writing by the parties *or acknowledged by the parties on an audio or video recording*. After a settlement has been reached, the parties shall take steps necessary to enter judgment as in the case of other settlements. [MCR 3.216(H)(8) (emphasis added).]

MCR 3.216(H)(8) explicitly governs mediated settlement agreements within the context of domestic relations cases. Plaintiff asserts that MCR 2.507(G) is the applicable rule, which stipulates that agreements must be executed in open court or in writing, signed by the party against whom the agreement is being invoked or their attorney, to establish binding effect. This argument fails to recognize the principle that civil procedure subchapter rules do not apply where a specific rule for a particular court or proceeding prescribes a distinct protocol, as noted in MCR 2.001. Furthermore, this Court has consistently rejected the assertion that MCR 2.507(G) supersedes MCR 3.216(H)(8) in domestic relations cases involving spousal support and property division. *Vittiglio*, 297 Mich App at 397-398. Therefore, plaintiff's reliance on MCR 2.507(G) and associated case law to argue for the necessity of a signed written agreement for the settlement is erroneous as MCR 3.216(H)(8) is the controlling rule in this instance.

In this matter, plaintiff appears to challenge the existence of a recorded settlement agreement on appeal. However, the record clearly establishes that the parties entered into a binding settlement during mediation, which was duly documented via audio or video recording in accordance with MCR 3.216(H)(8). During the proceedings on January 11, 2024, both counsels for the parties confirmed the existence of a video recording of the mediated settlement agreement. Both plaintiff and defendant acknowledged reaching what they termed "an apparent agreement" at the mediation session, though plaintiff contended this occurred prior to her becoming aware of defendant's alleged fraudulent conduct. Importantly, plaintiff also conceded that a recording of the settlement agreement exists. Given this context, the record substantiates that a settlement was

attained through mediation, and the acknowledgment by both parties regarding the existence of an audio or video recording confirms its binding nature pursuant to MCR 3.216(H)(8).

Despite mutual confirmation of a recorded settlement between the parties, plaintiff contends that the criteria outlined in MCR 3.216(H)(8) have not been satisfied due to the absence of the actual video recording in the appellate record. This situation is in stark contrast to the precedent set in *Vittiglio,* 297 Mich App at 398, where the recording was included in the appellate record. While plaintiff acknowledges that MCR 3.216(H)(8) does not explicitly require the recording to be part of the appellate documentation; however, she argues that MCR 3.211(F)(1) serves as a basis for her assertion that a video-recorded settlement agreement must be included in the record for a trial court to issue a judgment based on its provisions. MCR 3.211(F)(1) states, "Within 21 days after the court renders an opinion or the settlement agreement is placed on the record, the moving party must submit a judgment, order, or a motion to settle the judgment or order, unless the court has granted an extension." Plaintiff argues that "[w]here settlement is predicated on an audio or video recording, the recording, or a certified transcript of its content, must be placed on the record." However, plaintiff immediately concedes that there is a lack of published case law addressing this issue and most notably, the explicit language of MCR 3.211(F)(1) does not mandate that a recording of a settlement agreement be filed in the record.

While the inclusion of the recording or a transcript of the settlement agreement would significantly facilitate the appellate review, we conclude that the trial court did not err in determining that a binding settlement was reached in accordance with MCR 3.216(H)(8), particularly given the parties' acknowledgment of its recording during mediation.

We further note that plaintiff's arguments regarding the existence of the recording are ambiguous. On appeal, she characterizes it as a "claimed" or "supposed" recording, implying a lack of possession or accessibility to the recording for appellate review. Nonetheless, having conceded its existence in the trial court and as a participant in the mediation, it remains unclear why the plaintiff did not exert more effort to enter the recording into evidence, especially since a review of the recording could effectively address her arguments.

## IV. DURESS

Plaintiff additionally argues that the trial court erred in its denial of her motion to vacate or modify the judgment, asserting that the judgment was rendered invalid due to being predicated on a settlement agreement coerced through duress. "[T]his Court reviews for an abuse of discretion a trial court's ruling on a motion for relief from judgment." *Dep't of Environmental Quality v Waterous Co*, 279 Mich App 346, 364; 760 NW2d 856 (2008). As discussed above, "[t]he finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Vittiglio*, 297 Mich App at 397 (quotation marks and citation omitted). An abuse of discretion occurs when the trial court's decision "falls outside the range of reasonable outcomes." *Tolas*, 347 Mich App at 319. A trial court necessarily abuses its discretion when its decision is premised on a mistake of law. *Id*. We review the factual findings of a trial court for clear error. *Vittiglio*, 297 Mich App at 400. "A finding is clearly erroneous when this Court is left with the definite and firm conviction that the trial court has made a mistake." *Tolas*, 347 Mich App at 319.

"A settlement agreement, such as a stipulation and property settlement in a divorce, is construed as a contract," and "[t]he same legal principles that govern the construction and interpretation of contracts govern the parties' purported settlement agreement in a divorce case." *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010) (quotation marks and citations omitted). "The existence and interpretation of a contract involves a question of law that this Court reviews de novo." *Id*.

This Court has routinely recognized that divorce property settlements reached through negotiation and agreement must be upheld, absent unique circumstances:

> It is a well-settled principle of law that courts are bound by property settlements reached through negotiations and agreement by parties to a divorce action, in the absence of fraud, duress, mutual mistake, or severe stress which prevented a party from understanding in a reasonable manner the nature and effect of the act in which she was engaged. [*Vittiglio*, 297 Mich App at 400 (quotation marks and citations omitted).]

After the court entered the judgment of divorce, plaintiff moved to set aside the judgment under MCR 2.612(C)(1)(c), which allows for relief from a judgment based on "[f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party."

"A contract may be deemed unenforceable if it was executed under duress." *Skaates v Kayser*, 333 Mich App 61, 78; 959 NW2d 33 (2020) (quotation marks and citation omitted). To succeed on a claim of duress, a party must show "that they were illegally compelled or coerced to act by fear of serious injury to their persons, reputations, or fortunes." *Id*. (quotation marks and citation omitted). "[T]he fear of financial ruin alone does not demonstrate economic duress; it must also be established that the person applying the coercion acted unlawfully." *Id*. (quotation marks and citation omitted; alteration in original).

Here, plaintiff alleged that defendant subjected her to domestic abuse and issued threats concerning her receipt of spousal support. However, she did not assert that this treatment unlawfully compelled her to accept the terms of the settlement agreement. *Skaates*, 333 Mich App at 78. Notably, at the time of the settlement negotiations, plaintiff appeared to be largely isolated from defendant. On this record, we conclude that the trial court did not clearly err in its implied determination that plaintiff was not under duress because of defendant's actions during mediation and leading up to her agreement to the settlement.

Conversely, plaintiff contended that she was under duress stemming from actions taken by her prior attorney, who allegedly threatened to withdraw his representation unless she consented to the settlement or judgment of divorce. This Court, in *Howard v Howard*, 134 Mich App 391, 397; 352 NW2d 280 (1984), held that a party's attorney may settle claims only with express authority. While we have recognized that a certain level of pressure to settle is inherently part of the mediation process; however, such pressure does not equate to coercion as defined in *Vittiglio*, 297 Mich App at 402. Furthermore, it is critical to note that when a party contests a consent judgment on grounds of duress or coercion exerted by their attorney, the judgment will not be overturned unless there is evidence that the opposing party participated in such duress or coercion. *Id*. at 401-402.

The record does not indicate that defendant engaged in any coercive acts in conjunction with plaintiff's former attorney, a point that plaintiff tacitly acknowledges on appeal. Additionally, there is no evidence suggesting that plaintiff's prior attorney lacked the necessary authority during the mediation sessions. *Howard*, 134 Mich App at 397, (which dismissed claims of attorney coercion due to the absence of coercion or collusion or the lack of authority granted to plaintiff's attorney at the settlement hearing). In the absence of such a showing, plaintiff's claims of being under duress due to her prior attorney's actions fails.

On appeal, plaintiff further argued that she was under duress because of defendant's alleged unlawful actions, including her exclusion from the marital business, the fraudulent use of a credit card, and the provision of "questionable information" about the marital business to an expert evaluator. However, plaintiff does not sufficiently demonstrate how these actions amounted to coercion that induced her to settle out of fear of injury to her person, reputation, or financial wellbeing. See, *Skaates*, 333 Mich App at 78. Instead, these allegations supported her earlier claim that the settlement agreement was based on fraud. While plaintiff cited excerpts from her motion to set aside the judgment that addressed defendant's alleged fraudulent behavior, she categorized these claims as "allegations of duress" without adequately renewing her legal argument concerning fraud on appeal. Consequently, her assertions that she experienced duress due to defendant's alleged fraudulent actions are without merit.

Given that plaintiff cannot substantiate a claim of having been "illegally compelled or coerced to act by fear of serious injury" to her person, reputation, or financial circumstances at the time she agreed to the settlement the trial court did not abuse its discretion in denying her motion to set aside the judgment.

While we cannot find a basis to reverse the trial court's decision to deny plaintiff's motion based on duress, the trial court failed to provide the requisite articulation of its factual findings and legal conclusions. Pursuant to MCR 3.210(D)(1), "findings of fact and conclusions of law are required on contested postjudgment motions to modify a final judgment or order" in domestic relations cases. The trial court is thus obligated to present its findings and conclusions in a manner that complies with MCR 3.210(D)(1) and facilitates meaningful appellate review. *Yachcik v Yachcik*, 319 Mich App 24, 39; 900 NW2d 113 (2017).

During the proceedings surrounding the motion to set aside or modify the judgment, the trial court neglected to make any on-the-record findings or legal conclusions, subsequently taking the matter under advisement. It later issued an order denying plaintiff's motion one week later without further elaboration. As a result, the trial court's failure to elucidate its factual findings and legal conclusions represents procedural error under MCR 3.210(D)(1).

Nonetheless, this error does not warrant a reversal of the decision. MCR 2.613(A) states that errors in rulings or orders do not serve as grounds for vacating or amending a judgment unless such inaction is deemed inconsistent with substantial justice. The existing record substantiates the conclusion that the plaintiff was not under duress at the time the settlement agreement was executed; therefore, we will not disturb the trial court's order denying plaintiff's motion to modify the judgment on that basis. *Id.*

## V.  ADJUDICATION OF THE MARITAL ESTATE

Plaintiff contends that the trial court committed an error in issuing a judgment of divorce that inadequately addressed the equitable distribution of the parties' interests in the marital estate.

"The finding of the trial court concerning the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion." *Vittiglio*, 297 Mich App at 397 (quotation marks and citation omitted).  An abuse of discretion occurs when the trial court's decision "falls outside the range of reasonable outcomes." *Tolas*, 347 Mich App at 319. A trial court necessarily abuses its discretion when its decision is premised on a mistake of law. *Id.*  We review the interpretation and application of statutes and court rules de novo. *Kuebler*, 346 Mich App at 653.

Under MCR 3.211(B)(3), a judgment of divorce must include a determination of the property rights of the parties.  A trial court may "fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances." *Andrusz v Andrusz*, 320 Mich App 445, 453; 904 NW2d 636 (2017).  Here, the consent judgment was based on a settlement agreement.  Settlement agreements are construed as a contract and are governed by the same legal principles of contract construction and interpretation. *Myland*, 290 Mich App at 700.

Plaintiff contends that the court erred in finalizing the judgment due to outstanding property matters that remained unresolved in the settlement agreement, which include an Iron Mountain, Michigan property, a 2007 BMW 550i, an outstanding vehicle repair bill, a vacation credit, and an absence of a remittance provision for spousal support.  Conversely, defendant maintains that the trial court appropriately addressed the outstanding repair debt, the sole unadjudicated asset, asserting that the other contested assets had been the subject of mediation, were no longer owned by the parties, and did not constitute marital property.

These positions echo the arguments presented during the hearing on plaintiff's motion to vacate the consent judgment of divorce.  Plaintiff argued that the settlement agreement lacked completeness and that several assets remained undisposed.  She further indicated that despite defendant's attorney's assertions of resolution, evidence existed that potentially contradicted defendant's claims, including: (1) title documents indicating the Iron Mountain property was transferred during divorce proceedings, (2) information from the Sterling Heights Police Department suggesting the 2007 BMW 550i was scrapped within the divorce timeline, and (3) credit card statements reflecting significant charges incurred by defendant on the American Express card during the divorce proceedings. Consequently, plaintiff requested the court convene an evidentiary hearing to address the unresolved assets and ensure a comprehensive disposition of the estate.

In response, defendant argued that the parties achieved a complete and final settlement agreement during mediation, offering a recording of the agreement for the court's review, and noted the availability of attorneys who participated in the mediation to testify.  Defendant countered plaintiff's claims by asserting, "all of these matters were resolved at mediation." Without issuing any findings of fact or legal conclusions on the record, the trial court indicated

that it would take the matter under advisement, failing to order an evidentiary hearing on the conflicting arguments or to mandate production of the recording of the settlement agreement.

While the court did not abuse its discretion in determining the parties entered a binding settlement agreement without the recorded documentation, plaintiff correctly questions how the trial court concluded that the judgment adequately adjudicated the marital estate without reviewing the settlement agreement's recording. According to established principles, "[u]nambiguous contracts must simply be enforced as they are written," Andrusz, 320 Mich App at 453; however, the trial court never made findings to ascertain whether the judgment aligned with the terms of the settlement, particularly in terms of disposition of all marital assets. Notably, the divorce judgment does not address disputed property items, such as the Iron Mountain home and the 2007 BMW 550i. Furthermore, the judgment fails to effectively incorporate the settlement agreement, thereby not covering the items defendant claims were resolved during mediation.

Moreover, despite the trial court being confronted with a factual dispute and plaintiff's request for an evidentiary hearing, it declined to hear any testimony or conduct a hearing to determine the full adjudication of the marital estate. As previously pointed out, a trial court is obligated to conduct an evidentiary hearing to resolve ambiguities or factual disputes arising in divorce proceedings only at the specific request of a party. *Mitchell v Mitchell*, 198 Mich App 393, 399; 499 NW2d 386 (1993). Since a judgment of divorce must delineate the property rights of the parties as set forth in MCR 3.211(B)(3), and the trial court possessed no evidence confirming whether the contested items were resolved at mediation, it erred by not holding an evidentiary hearing to establish whether the settlement agreement—and subsequently, the judgment—fully adjudicated the marital estate.

Although the trial court must uphold a divorce property settlement reached through mutual negotiation and agreement, *Vittiglio*, 297 Mich App at 400, a remand is necessary in this case for the trial court to ascertain whether the settlement agreement comprehensively adjudicated the marital estate and to confirm that the judgment was rendered in accordance with the terms of the settlement agreement. Therefore, we vacate the trial court's order denying plaintiff's motion to set aside the judgment of divorce and direct the court to conduct an evidentiary hearing to address these issues.

## VI.  REQUEST FOR A NEW JUDGE

Plaintiff contends that, should the case be remanded for additional proceedings, it would be appropriate to assign it to a different judge.

"This Court may remand to a different judge if the original judge would have difficulty in putting aside previously expressed views or findings, if reassignment is advisable to preserve the appearance of justice, and if reassignment will not entail excessive waste or duplication." *Kuebler*, 346 Mich App at 696 (quotation marks and citation omitted). However, we will not "remand to a different judge merely because the judge came to the wrong legal conclusion. Repeated rulings against a party, no matter how erroneous, or vigorously or consistently expressed, are not disqualifying." *Id*. (quotation marks and citation omitted).

-11-

Plaintiff contends that reassignment to a new judge on remand is necessary due to alleged violations of her constitutional right to counsel by the trial court, which included refusal to grant her sufficient time to secure new representation, entering judgment without verifying compliance with the purported settlement agreement, and failing to provide adequate findings or reasoning regarding the denial of her motion to set aside. We concur that the trial court exhibited an abuse of discretion by entering judgment without affording the plaintiff the opportunity to obtain a new attorney and erred in not conducting an evidentiary hearing to ascertain whether the marital estate had been fully adjudicated. Nonetheless, these erroneous decisions do not, in and of themselves, justify the reassignment to a different judge. *Kuebler*, 346 Mich App at 696. Reviewing the record, we conclude that while it appears that the trial court was concerned that plaintiff may be exhibiting what was referred to as "buyer's remorse," nothing said by the trial court would lead us to conclude that the trial court would struggle to set aside its prior assessments, nor is there any indication of bias. Consequently, a remand to a new judge is not warranted.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.[2] We do not retain jurisdiction. Neither party having prevailed, no costs are awarded. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock

---

[2] We remind the trial court that under MCR 3.210(D)(1), it is required to make findings of fact and conclusions of law on contested postjudgment motions to modify a final judgment or order.